IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHRISTOPHER ROBERT WEAST,**
        **Petitioner,**

v.                               **CIVIL ACTION NO. 3:19-CV-4**
                                                      **(GROH)**

**WARDEN ENTZEL,**
        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On January 4, 2019, the *pro se* Petitioner, an inmate[1] at FCI Hazelton, in Bruceton Mills, West Virginia, filed the above-styled action petition pursuant to 28 U.S.C. § 2241. ECF No. 1.[2] On January 4, 2019, the Clerk issued a Notice of Deficient Pleading which advised Petitioner of the requirement to file an application to proceed in forma pauperis, along with necessary documentation, or to pay a filing fee of $5.00. ECF No. 2. Although Petitioner has yet to pay the filing fee or file an application to proceed in forma pauperis, this Court is reviewing the matter based on Petitioner's request for an injunction to order the Respondent to stop preventing inmates from accessing the courts, and to stop limiting access to incoming and outgoing mail. ECF No. 1 at 8.

---

[1] Petitioner was convicted on July 29, 2014, following a jury trial in the Northern District of Texas, Fort Worth Division, case number 4:14-CR-23-A, of counts 1 and 2 of the third superseding indictment., which charged Petitioner with: possession of child pornography (Count 1), in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and receipt of child pornography (Count 2), in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). N.D.Tx. 4:14-CR-23-A, ECF No. 283. Petitioner was sentenced to a term of 120 months as to Count 1 and to 240 months as to Count 2, with those terms to run consecutively, for a total sentence of 360 months. Id. His conviction was affirmed by the United States Court of Appeals for the Fifth Circuit, on March 22, 2016. N.D.Tx. 4:14-CR-23-A, ECF No. 379; United States v. Weast, 811 F.3d 743 (5th Cir. 2016), *cert. denied*, Weast v. United States, 137 S.Ct. 126 (2016). According to the Bureau of Prisons' inmate locator website, Petitioner is scheduled to be released on April 10, 2040.

[2] All ECF number cited herein are in 3:19-CV-4, unless otherwise noted.

...
...

This matter is pending before the undersigned pursuant to 28 U.S.C. §§ 636 and 1915A.

## II.   INSTANT PROCEEDINGS

Petitioner filed this action pursuant to 28 U.S.C. § 2241 challenging his jail or prison conditions.  ECF No. 1 at 1.  He raises a single ground for relief, wherein he alleges that the institution of FCI Hazelton is "actively preventing access to the courts by limiting access to materials and the improper seizure of legal materials," and drafted filings.  Id. at 5.  As relief, Petitioner seeks an emergency injunction "preventing such interference."  Id.  Petitioner claims that FCI Hazelton is "confiscating/discarding attempts to submit [the matter] to the administrative remedy procedure."  Id. at 7.  Petitioner requests the following relief:

> I seek an immediate order commanding BCI Hazelton to immediately cease its active efforts to prevent inmates' access to the courts, to cease [its] limitation of access to the law materials, to cease [its] harassment of those preparing legal materials, and to cease it's prevention of using the court and administrative remedy processes designed [for] use by inmates.  Injunctive order commanding FCI Hazelton to stop denying inmates' First Amendment Right of Access to the mail and the ongoing policy of arbitrarily and capriciously denying inmate's incoming mail.

Id. at 8.

## III.   LEGAL STANDARD

### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening

2

Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) ("The district court may apply any or all of these rules to a habeas corpus petition" not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Preliminary Injunctions

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018).

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008). The standard for granting injunctive relief articulated by the United States Supreme Court in Winter, 555 U.S. at 20, is that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d. 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III. ANALYSIS

The petition asserts that Petitioner is entitled to the writ of habeas corpus on the theory that the FCI Hazelton staff have prevented him from accessing the courts. ECF No. 1-1 at 1. For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks an injunction to require FCI Hazelton to provide him with access to the courts and to his mail. ECF No. 1 at 8.

To the extent that Petitioner contends that the warden of FCI Hazelton or the staff at that institution have restricted his access to the Courts, his argument fails because neither the fact nor the length of his confinement are contested. Consistent with the holding in Prieser v. Rodriguez, supra, § 2241 is the appropriate method for a prisoner to challenge the fact or length of his confinement, but generally not the conditions of that confinement. Accordingly, it appears that Petitioner fails to state a claim upon which relief which may be granted in this proceeding.

Further, in regard to Petitioner's request for injunctive relief, it appears Petitioner cannot meet the first prong of the four-part Winter test for the issuance of a preliminary injunction and his motion should be denied. Petitioner has not shown he is likely to succeed on the merits in regard to his claim under § 2241, which is generally not the proper method to challenge the conditions of confinement. Because Petitioner has not made the necessary showing as to the first factor, it is not necessary for the Court to consider the other three factors. See Dewhurst v. Century Aluminum Co., 649 F.3d 287, 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant). Accordingly, because Petitioner has failed to meet the first of the four prongs of the Winter test for issuance of an injunction, such an injunction is not merited.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Petition for habeas corpus [ECF No. 1] fails to state a claim upon which relief may be granted, and should be **DISMISSED WITHOUT PREJUDICE**. The undersigned further

RECOMMENDS that Petitioner's request for an injunction [ECF No. 1 at 5, 8] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:   January 8, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE