# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTOPHER ROBERT WEAST,**

    Petitioner,

v.                                          CIVIL ACTION NO.: 3:19-CV-4
                                                                          (GROH)

**WARDEN ENTZEL, FCI Hazelton,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 4] on January 8, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on January 8, 2019. ECF No. 4. The Petitioner accepted service on January 14, 2019. ECF No. 9.

The Petitioner filed objections on January 18, 2019. ECF No. 10. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

In his § 2241 petition, the Petitioner alleges that FCI Hazelton is "actively preventing access to the courts by limiting access to materials" and improperly seizing legal materials and drafted filings. ECF No. 1. at 5. Magistrate Judge Trumble recommends that the action be dismissed without prejudice because a § 2241 petition is not the appropriate avenue of relief. ECF No. 4. at 6. In his objections, the Petitioner "objects to his 2241 being construed as failing to state a claim upon which relief may be granted." ECF No. 10 at 1. The Petitioner argues that FCI Hazelton is violating the "ACCARDI doctrine" which provides that "when an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid." Id. at 2.

As the magistrate judge notes in his R&R, 28 U.S.C. § 2241 permits a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). In this case, the Petitioner is exclusively challenging a condition of his confinement—namely, that his confinement is limiting his access to the court. ECF No. 10 at 1. Therefore, § 2241 is not the appropriate avenue of relief.

Accordingly, upon careful review of the R&R and the Petitioner's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 4] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE.** Because the Petitioner cannot succeed on the merits of his claim, the Petitioner's request for injunctive relief [see ECF No. 1 at 8] is

3

**DENIED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** January 30, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE